UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

HIRMAN EUGENE JACKSON,

    Plaintiff,

        v.                                CAUSE NO. 3:22-CV-548-JD-MGG

RON NEAL, et al.,

    Defendants.

OPINION AND ORDER

Hirman Eugene Jackson, a prisoner without a lawyer, was ordered to show cause why the initial partial filing fee assessed by the court has not been paid. (ECF 4.) Upon review of his response (ECF 6), the court will proceed to screen the complaint. Mr. Jackson is reminded that he remains obligated to pay the filing fee over time in accordance with 28 U.S.C. § 1915(b)(2).

As required by 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Because Mr. Jackson is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Jackson is incarcerated at Indiana State Prison ("ISP"). He alleges that in May 2021, he was ordered to serve time in the disciplinary segregation unit and was given garbage bags to pack his belongings. He was told by a correctional officer (a non-party) that staff would go through his belongings in the property room, store any items he was not allowed to have in segregation, and deliver the rest of the items to him in segregation. He did not receive certain personal belongings while he was in segregation, but he assumed they were being stored in the property room.

After he served his term in disciplinary segregation, prison staff gave him the bags that had been stored in the property room under his name. However, due to a "mix up," he was given some property belonging to another inmate. He claims a number of his personal belongings were missing, including "transcripts" and "legal papers" he was using in connection with a pending post-conviction case. He claims the property room was in disarray during this period because of an extended lockdown and prison-wide search following "back-to-back killings" of an inmate and a guard. Some bags and boxes were not labeled, and other boxes and bags had been opened with their "contents spilling out." He spoke with Officer Hawkins (first name unknown), who was in charge of the property room during this period, and Officer Hawkins was "visibly stressed and upset" about the state of the property room. The officer allegedly told Mr. Jackson that the property room had become so full that some inmates' belongings had to be stored in the prison chapel. Staff looked for but never located Mr.

Jackson's papers. Based on these events, he sues ISP Warden Ron Neal, Sergeant Donald Teague, and Officer Hawkins. He states that he is "not seeking any monies other than the cost to receive all lost legal paper . . . to continue forward with my P.C.R." (ECF 1 at 5.)

The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. IVX. Nevertheless, Mr. Jackson makes clear that the loss of his property resulted from a "mix up" caused by unusual circumstances leading to disarray in the property room. At most his allegations suggest negligence by Officer Hawkins, but negligent conduct cannot form the basis for a Fourteenth Amendment claim. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) ("[N]egligent conduct does not offend the Due Process Clause.").

Additionally, a state tort claims procedure that provides a method by which a person can seek reimbursement for the negligent loss of property satisfies the requirements of due process. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy."). Mr. Jackson has a state court remedy available to seek reimbursement for his personal belongings and thus cannot pursue a federal due process claim on this ground. *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("[Plaintiff] has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due."); *see also Higgason v. Morton*, 171 F. App'x 509, 512 (7th Cir. 2006) (Indiana Tort Claims Act

3

precluded Indiana inmate's due process claim arising from the loss of property in his cell).

Even the destruction of legal materials is merely considered a property loss if the papers are replaceable. *Hossman v. Spradlin*, 812 F.2d 1019, 1023 (7th Cir. 1987). It cannot be plausibly inferred from Mr. Jackson's allegations that the legal papers he references are irreplaceable; he simply wants to be compensated for the cost of obtaining them again. Notably, the public docket in the state post-conviction case reflects that the judge recently ordered that Mr. Jackson be provided with a copy of a transcript he requested "at public expense."[1] *See Jackson v. State*, 79C01-1803-PC-000012 (Tippecanoe Sup. Ct. filed Mar. 9, 2018) (order dated Aug. 23, 2022). Nevertheless, to the extent there are out-of-pocket expenses associated with obtaining any of the documents, the ITCA provides a remedy. *See Hill v. Sanders*, No. 3:21-CV-611-JD-MGG, 2022 WL 2047140, at *2 (N.D. Ind. June 7, 2022) (inmate did not state constitutional claim in connection with water damage to legal papers because there was no indication legal papers were irreplaceable and he had a remedy available under the ITCA to seek compensation for these items); *Wilson v. Neil*, No. 3:22-CV-390-JD-MGG, 2022 WL 1605263, at *1 (N.D. Ind. May 20, 2022) (prisoner's allegation that transcripts and other items were lost during a shakedown of his cell did not give rise to a Fourteenth Amendment claim, because "[t]rial transcripts are replaceable, albeit at a cost"). To the extent he is claiming that internal policies were not followed with respect to the handling of his personal

---

[1] The court is permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

4

belongings, a violation of administrative rules or other state law cannot form the basis for a federal constitutional claim. *Wozniak v. Adesida*, 932 F.3d 1008, 1011 (7th Cir. 2019) ("[A] constitutional suit is not a way to enforce state law through the back door.").

Although unclear, he may also be trying to state a claim for denial of access to the courts. Prisoners are entitled to meaningful access to the courts, but there is no "abstract, freestanding right" to legal materials. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Instead, an access-to-the-courts claim hinges on whether there was prejudice to a non-frivolous legal claim related to the prisoner's "conviction, sentence, or conditions of confinement." *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006). In other words, "only if the defendants' conduct prejudices a potentially meritorious [claim] has the right been infringed." *Id.* Thus, to state a claim, the inmate is required to "spell out" the connection between the denial of access to the courts and the resulting prejudice to a potentially meritorious legal claim. *Id.*

It is regrettable that Mr. Jackson was inconvenienced by the loss of some of these documents, but the court cannot plausibly infer that he has suffered prejudice to a potentially meritorious legal claim in the post-conviction case. As stated, he was recently granted a free transcript by the state judge, and he is in the process of seeking other documents in that case.[2] The state judge has not ruled on the merits of any claim, and instead has directed that a scheduling conference will be held when Mr. Jackson

---

[2] He requested a copy of a motion, which the judge's staff was unable to locate, so he was directed to provide more information about what he was seeking. *Jackson*, 79C01-1803-PC-000012 (order dated Aug. 23, 2022). He also very recently filed a request for production of documents and two motions seeking various records, which have been set for hearing before the state judge on November 17, 2022. *Id.* (docket entries dated Oct. 28, 2022).

notifies the court that "he is ready to proceed." *See Jackson*, 79C01-1803-PC-000012 (order dated Aug. 12, 2022). He has not alleged a plausible claim for denial of access to the courts.

Therefore, the complaint does not state a claim upon which relief can be granted.[3] In the interest of justice, the court will allow Mr. Jackson an opportunity to amend his complaint if, after reviewing the court's order, he believes that he can state a plausible constitutional claim based on these events, consistent with the allegations he has already made under penalty of perjury. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **December 8, 2022**, to file an amended complaint if he so chooses; and

(2) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on November 3, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[3] The court notes additionally that there is no indication Warden Neal or Sergeant Teague had any personal involvement in these events, and they cannot be held liable solely by virtue of their supervisory positions. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009).

6